UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-2152

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation

    Plaintiff

v.

THE UNITED STATES OF AMERICA,

    Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Beck, Payne, Frank & Piper, P.C., and for its Complaint against Defendant The United States of America ("United States") states & alleges:

### I. General Allegations

1. This action arises under a federal Statute, 28 U.S.C. § 1346(b).

2. Plaintiff State Farm is an Illinois corporation and provides automobile insurance to Colorado drivers.

3. Maurice G. Nolte is a Colorado resident insured by State Farm on June 25, 2011.

4. On or about June 25, 2011, at or near 16 May St., in Colorado Springs, a vehicle owned and operated by Defendant through its agency, the United States Post Office, backed into a vehicle owned and operated by Mr. Nolte.

5. Mario Mendoza is a Post Office employee, and on June 25, 2011, operated the Post Office vehicle that backed into Mr. Nolte's vehicle.

6. As a result, Mr. Nolte's vehicle sustained $2,524.22 worth of damage.

7. To repair the damage, State Farm paid $2,274.22, and Mr. Nolte paid a $250.00 deductible.

8. Plaintiff filed a timely administrative claim as required by 28 U.S.C. § 2675.

9. Plaintiff's administrative claim was denied on March 16, 2012.

10. Plaintiff brings this action within six months of the denial as required by 28 U.S.C. § 2401(b).

## II. Claim for Relief – Negligence

11. Plaintiff incorporates paragraphs 1-10 above.

12. At all times relevant herein, Defendant and Mr. Mendoza owed a duty of care to State Farm and its insured.

13. Mr. Mendoza breached his duty when he failed to maintain a proper lookout while backing the vehicle he was operating, which led to him backing into Mr. Nolte's vehicle.

14. Defendant United States is liable in this accident under the doctrine of respondeat superior because, at the time of the accident, Mr. Mendoza was employed by the Defendant and was acting within the scope of his employment.

15. As a direct and proximate result of this accident, State Farm and its insured suffered damages.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount to be determined at trial, for attorneys' fees, costs, interest as provided by law, and for such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 16th day of August, 2012.

BECK, PAYNE, FRANK & PIPER, P.C.

*[signature]*

William C. Baird
David D. Piper
3025 S. Parker Rd., Suite 200
Aurora, Colorado 80014
Telephone: 303-750-1567